IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02371-MSK-MEH

STEPHEN J. SMITH TRUST, and
STEPHEN J. SMITH, a natural person, individually,

       Plaintiffs,

v.

ETHICON, INC., a New Jersey corporation,

       Defendant.

---

**ORDER ON PENDING MOTIONS**

---

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss or, in the Alternative, Stay the Litigation Pending Arbitration **(#21),** to which the Plaintiffs responded **(#30)** and the Defendant replied **(#45).** Also before the Court are the Plaintiffs' Motion Requesting Oral Argument on Defendant Ethicon's Motion **(#47)** and Motion for Expedited Hearing **(#46),** to which the Defendant responded **(#48).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

**I. Jurisdiction**

For purposes of determining these motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**II. Background**

In this actions, the Plaintiffs, Stephen J. Smith Trust and Stephen J. Smith (collectively, "the Smiths"), assert claims of patent infringement, quantum meruit, unjust enrichment, breach of

contract, and promissory estoppel against the Defendant, Ethicon, Inc. All claims arise in conjunction with Mr. Smith's patent (the '431 patent) for a "Method for application and maintenance of medication on body tissue." The Smiths allege that Ethicon infringed this patent by marketing a topical skin adhesive product called Dermabond which induces and instructs others to practice the method claimed in the '431 patent.

Ethicon moves to dismiss all of the Smiths' claims on the basis that they must be submitted to arbitration according to the terms of a Patent License Agreement. It requests, in the alternative, that the Court stay this action pending arbitration. Ethicon first contends that it is for the arbiter to determine whether the claims are subject to arbitration, but also contends that the arbitration clause in the Patent License Agreement is broad and encompasses the claims asserted by the Smiths.

The Smiths contend that the Patent License Agreement pertains only to a separate patent (the '955 patent) and has no application to their claims based on the '431 patent. The Smiths ask for oral argument and an expedited ruling on the matter.

### III. Issue Presented

The issue presented is whether the determination of the scope of the Patent License Agreement must be submitted to arbitration.

### IV. Material Facts

The following facts are not in dispute:

1.    Mr. Smith is the inventor and holder of several patents: Patent No. 5,762,955 ("the '955 patent"); Patent No. 6,238,692 ("the '692 patent"); Patent No. 6,482,431 ("the '431 patent"); and Patent No. 6,780,425 ("the '425 patent").

    2.     Three of the patents (the '955, '431, and '425 patents) pertain to a "method for application and maintenance of medication on body tissue".  The fourth patent (the '692 patent) pertains to a "medical dressing for application and maintenance of medication on body tissue".

    3.     Mr. Smith and Ethicon are parties to a Patent License Agreement.  The Patent License Agreement gives Ethicon "a nonexclusive, worldwide, fully paid-up license under the Licensed Patents in the Field to make, have made, use, sell, offer for sale, import or otherwise dispose of, the Licensed Product."

    4.     The Patent License Agreement also contains a dispute resolution provision:

> 10.1  Any dispute, claim or controversy arising from or related in any way to this agreement or the interpretation, application, breach, termination or validity thereof, including any claim of inducement of this agreement by fraud or otherwise, will be submitted for resolution to arbitration pursuant to the commercial arbitration rules then pertaining of the Center for Public Resources ("CPR"), except where those rules conflict with these provisions, in which case these provisions control. . . . Any cross-claims, counterclaims or other claims arising out of or related to this Agreement or the original arbitration shall be arbitrated in the same location as the original arbitration proceeding.

### V. Analysis

**A. Motion for Oral Argument**

As a preliminary matter, the Court addresses the Smiths' request for oral argument.  Their request is premised upon their belief that oral argument "is necessary to help the Court understand the arguments of the parties."  The Smiths also seek an opportunity to explain why they will be irreparably harmed if the Court concludes that Mr. Smith's '431 patent is covered by the Patent License Agreement.  They then proffer that they will be harmed because they will lose royalties from the '431 patent if that determination is made.

The Court concludes that oral argument is not necessary. First, the parties have clearly articulated their arguments in their pleadings. Second, in resolving the issue presented it is not necessary to determine whether the '431 patent is covered by the Patent License Agreement. The issue presented is limited to a determination of who, whether this Court or an arbiter, will determine the scope of the Patent License Agreement.

**B. Motion to Dismiss**

The parties agree that they entered into a binding Patent License Agreement. They also agree that the Patent License Agreement contains an arbitration clause. They disagree as to whether their controversy is subject to the Patent License Agreement and as to whether it is this Court or an arbiter who determines the scope of the Patent License Agreement.

The arbitration clause in the Patent License Agreement is a broad arbitration clause which mandates arbitration of "[a]ny dispute, claim or controversy arising from or related in any way to this agreement or the interpretation, application, breach, termination or validity thereof[.]" Although the parties dispute whether the claims in this action "arise from or are related to" the License Agreement, that is not the focus of this Court's consideration. It is the next phrase that is dispositive of the issue before this Court. Mandatory arbitration is required to determine the "interpretation" and "application" of the Patent License Agreement. When parties clearly and unmistakably provide by contract that their dispute presents a question subject to arbitration, then this Court cannot decide such question. *See Spahr v. Secco,* 330 F.3d 1266, 1270 (10th Cir. 2003); *see also AT & T Technologies v. Communications Workers,* 475 U.S. 643, 649 (1986). Pursuant to their contract, the parties' dispute as to the scope of the Patent License Agreement must be submitted to arbitration.

It is possible that an arbiter may conclude that the claims in this action arise under or are related to the License Agreement and ultimately resolve them. Alternatively, the arbiter may conclude that the claims in this action do not arise under and are not related to the License Agreement, which could cause the parties to return to this Court for their determination. Therefore, dismissal for lack of subject matter jurisdiction is not appropriate at this juncture. Instead, the Court will close the case to allow for determination as to the scope of the License Agreement. In the event that either party requires additional relief following such determination, the party may request that the case be reopened.

**IT IS THEREFORE ORDERED** that:

(1) Ethicon's Motion to Dismiss or, in the Alternative, Stay the Litigation Pending Arbitration **(#21)** is **GRANTED IN PART** and **DENIED IN PART**.

(2) The Smiths' Motion Requesting Oral Argument on Defendant Ethicon's Motion **(#47)** is **DENIED,** and their Motion for Expedited Hearing **(#46)** is **DENIED,** as moot.

(3) The Clerk of Court is directed to close this case. For good cause, any party may move to reopen this case following conclusion of the arbitration proceedings.

Dated this 25th day of October, 2007

**BY THE COURT:**

*Marcia S. Krieger*
_____
Marcia S. Krieger
United States District Judge